# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKSON MANIVANH, CDCR #AY-7787,<br><br>                              Plaintiff,<br><br>   vs.<br><br>OFFICER O. AMANDO; SAN DIEGO POLICE DEPT.,<br><br>                              Defendants. | Case No.: 16-cv-01685-BAS(BGS)<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) (ECF No. 2);**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

   Plaintiff Jackson Manivanh, a prisoner at Calipatria State Prison ("CAL") proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on June 29, 2016.[1] (ECF No. 1.) Plaintiff did not prepay the $400 civil filing fee required to commence

---

   [1] On August 19, 2016, Plaintiff filed a Notice of Change of Address indicating his release from state custody. (ECF No. 5.)

a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

Plaintiff claims the San Diego Police Department and Officer O. Amando used excessive force while effecting his arrest in July 2013. (ECF No. 1 at 1-2, 4-5.) He seeks an apology as well as $5,065,000 in compensatory, punitive, and "emotional" damages. (*Id.* at 7.) For the following reasons, the Court denies Plaintiff's IFP motion and dismisses this action without prejudice.

I.   **Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

If the plaintiff is a "prisoner" under 28 U.S.C. § 1915(h),[3] as amended by the Prison Litigation Reform Act ("PLRA"), at the time of filing, the plaintiff may be granted leave to proceed IFP. However, unlike non-incarcerated civil litigants, a prisoner remains obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 630 (2016) (noting that Congress's PLRA amendments to § 1915 "require[] prisoners to

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[3] Under 28 U.S.C. § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

pay filing fees for the suits or appeals they launch"); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Thus, under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *see also Bruce*, 136 S. Ct. at 630; *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). "The monthly installment scheme described in § 1915(b)(2) also applies to costs awarded against prisoners when they are judgment losers." *Bruce*, 136 S. Ct. at 630 (citing 28 U.S.C. § 1915(f)(2)(B)).

Plaintiff was incarcerated at CAL when he filed this action; indeed, he so admits in his Motion to Proceed IFP, to which he has attached a copy of his inmate trust account activity as reported by CAL officials. *See* ECF No. 2 at 1, 4, 6. Thus, Plaintiff is required "to pay the full amount of a filing fee" in order to commence a civil action. *See Bruce*, 136 S. Ct. at 630; 28 U.S.C. § 1915(b)(1). Accordingly, the Court would usually follow the fee collection procedure described above to collect the filing fee from Plaintiff.

However, Plaintiff's release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case. If Plaintiff is no longer incarcerated at CAL, and he is no longer in the custody of any state or local correctional institution, no inmate trust account exists from which his filing fees may be garnished and forwarded to the Court. *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that after a prisoner is released, there is "no 'prisoner's account' from which to deduct . . . payments."). "Section 1915(b)(2) provides no method of remitting payments other than by

deduction from a prisoner's account, and thus it does not shed any light on how payments should be paid once that prisoner is released." *Id.*

The Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *i.e.*, whether he must prepay the entire civil filing fee at once, whether he may proceed by some other partial fee and/or court-ordered installment payment plan, or whether his obligation to pay the fee is waived altogether or in part by virtue of his release. *See Putzer v. Attal*, No. 2:13-cv-00165-APG-CWH, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite*, *i.e.*, during the litigation"); *see also Turner v. San Diego Cty.*, No. 14cv1965 LAB (WVG), 2014 WL 5800595, at *2-3 (S.D. Cal. Nov. 7, 2014) (noting absence of Ninth Circuit authority); *Patten v. Walker*, No. 1:13-cv-00346-RBB, 2015 WL 3623687, at *5 (E.D. Cal. June 9, 2015) (same).

In *Putzer*, U.S. District Judge Andrew P. Gordon canvassed published cases from other circuits, noted a split of authority, and concluded, like the Fifth, Seventh, and District of Columbia Circuits, that if an IFP application is filed by a prisoner, the "straightforward Congressional command in § 1915(b)(1)" requires that "full payment . . . is triggered upon the filing of the . . . complaint," regardless of "how the requirement is satisfied." 2013 WL 4519351, at *1-2 (citing *Gay v. Texas Dept. of Corrs.*, 117 F.3d 240, 241-42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251-52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897-99 (7th Cir. 1997)). Judge Gordon therefore rejected the Tenth, Fourth, Sixth, and Second Circuit's contrary conclusions in *Brown v. Eppler*, 725 F.3d 1221, 1231 n.7 (10th Cir. 2013); *DeBlasio*, 315 F.3d at 397; *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); and *McCann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996), that § 1915(b)(1)'s full fee payment requirements do *not* continue post-release, and instead noted that "even prior to the PLRA . . . district courts [in the Ninth Circuit] possessed authority under the non-PLRA-related provisions of § 1915 to require partial

1  and/or installment payments." *Id.* at *2 (citing *Olivares v. Marshall*, 59 F.3d 109, 111 (9th
2  Cir. 1995) ("We take this opportunity to make the apparent explicit: Courts have discretion
3  to impose partial filing fees under the *in forma pauperis* statute.")).

4      Further, Judge Gordon reasoned that "[i]n the Ninth Circuit . . . , the district court
5  retains the discretion to order installment payments even without the specific statutory
6  payment mechanisms otherwise applicable when the plaintiff is incarcerated." *Putzer*, 2013
7  WL 4519351, at *2. He thus concluded that while "the amount of the initial partial payment
8  and installment payments may be determined either from the plaintiff's prior inmate
9  account balance and/or based on upon the plaintiff's post-release assets and income, . . .
10 the fact that a different, but pre-existing method of enforcing the full-payment requirement
11 of the statute must be utilized does not justify disregarding the Congressional command as
12 to what is required." *Id.*

13     In the absence of binding authority on point, the Court finds Judge Gordon's
14 reasoning in *Putzer* to be persuasive. Indeed, this Court's Local Rules governing actions
15 brought IFP have long provided that "[i]n considering a non-prisoner's request to proceed
16 *in forma pauperis*, the court may, in its discretion, impose a partial filing fee partial fee
17 which is less than the full filing fee that is required by law, but which is commensurate
18 with the applicant's ability to pay." *See* CivLR 3.2(d). And while the PLRA's amendments
19 to § 1915(b)(1) do not permit imposition of a fee less than the "full amount" that is owed
20 because Plaintiff was a prisoner at the time of filing, this Court finds that it may assess,
21 based on the financial information provided in Plaintiff's inmate trust account statements,
22 a partial initial fee pursuant to § 1915(b)(1), and thereafter exercise its pre-PLRA discretion
23 under *Olivares* and Local Rule 3.2(d) to collect the remainder of the $350 filing fee
24 balance, due in installments, and dependent on Plaintiff's post-release ability to pay. *See*
25 *Putzer*, 2013 WL 4519351 at *3; *Olivares*, 59 F.3d at 112 (remanding fee payments to
26 district court in order to "review [plaintiff's] present economic situation and fit a fee to the
27 economic facts if [he] [wa]s still interested in pursuing his claim").
28 //

However, 28 U.S.C. § 1915(b)(4) also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial filing fee." *See Taylor*, 281 F.3d at 850 (noting 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Here, the Court does not have before it any financial affidavit which reflects Plaintiff's *current* post-incarceration income, assets, or ability to pay. Therefore, the Court DENIES Plaintiff's Motion to Proceed IFP (ECF No. 2) without prejudice. Further, should he wish to further prosecute this action, the Court directs Plaintiff to file a supplemental Motion to Proceed IFP which documents his current post-release income, assets, and expenses within 30 days of this Order. *See* 28 U.S.C. § 1915(a).

If he does, Plaintiff is cautioned that even if his supplemental Motion to Proceed IFP is granted, he will nevertheless remain obligated to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) due to his status as a prisoner at the time this action was commenced. *See* 28 U.S.C. § 1915(b)(1). His status as a prisoner at filing will also subject Plaintiff to other restrictions placed on prisoners under the PLRA: his Complaint will be immediately subject to the sua sponte screening required by 28 U.S.C. § 1915A(b) and dismissed if it is found to be frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a defendant who is immune, and regardless of any fees which will

remain due.[4] *See* 28 U.S.C. § 1915A(b)(1)-(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Such a dismissal may also count as a future "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP.").[5]

## II.   Conclusion and Order

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) without prejudice and **DISMISSES** this civil action without prejudice for failure to prepay filing fees required by 28 U.S.C. § 1914(a).

//

---

[4]   The Court further notes that although it will defer the full mandatory screening required by 28 U.S.C. § 1915A(b) until after Plaintiff makes a decision as to whether he wishes to continue to proceed IFP, a preliminary review of his pleading indicates that at least with respect to Defendant San Diego Police Department, Plaintiff's Complaint will be subject to sua sponte dismissal because it fails to state a plausible claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *see also Jackson v. Barnes*, 749 F.3d 755, 762–63 (9th Cir. 2014) (holding municipal liability requires that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or is made "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels" (quoting *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 98 (1978)).

[5]   The Court takes judicial notice of its own dockets and notes that Plaintiff appears to have already had at least one prior civil action, also filed while he was incarcerated, dismissed as "frivolous" pursuant to 28 U.S.C. § 1915A. *See* Order, *Manivanh v. Qualcomm, Inc., et al.*, No. 3:16-cv-01666-AJB-KSC (S.D. Cal. July 21, 2016), ECF No. 6; *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting a federal court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic*, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

The Court **GRANTS** Plaintiff thirty (30) days leave in which to re-open his case by filing a supplemental Motion to Proceed IFP that includes an affidavit documenting his current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a). If Plaintiff elects to file this supplemental Motion to Proceed IFP, he is cautioned that he will still be required to pay the full $350 civil filing fee, but pursuant to a partial installment payment plan devised by the Court dependent on his income, as funds are available, and regardless of whether his case is subsequently dismissed pursuant to 28 U.S.C. § 1915A(b) or for any other reason.

If Plaintiff does not to comply with this Order within the time permitted, this civil action will remain **DISMISSED** without prejudice for the reasons stated herein and without any further Order by the Court.

**IT IS SO ORDERED.**

**DATED: October 11, 2016**

*[signature]*

**Hon. Cynthia Bashant
United States District Judge**

8

16cv1685